1
2
3
4
5
6
7

8                          UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   OTHELLO C.M. JOHNSON,                    No.  2:17-cv-00666 JAM AC (PS)

12              Plaintiff,

13        v.                                  ORDER

14   ANN MARIE SCHUBERT, et al.,

15              Defendants.

16

17          Plaintiff is proceeding in this action pro se.  This matter was accordingly referred to the

18   undersigned by E.D. Cal. R. ("Local Rule") 302(c)(21).  Plaintiff has filed a request for leave to

19   proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915, and has submitted the affidavit

20   required by that statute.  See 28 U.S.C. § 1915(a)(1). ECF No. 2.  The request will be

21   GRANTED, however the complaint, in its current form, does not state a legal claim upon which

22   relief can be granted and is DISMISSED with leave to amend.

23                                  **I.  SCREENING**

24          Plaintiff must assist the court in determining whether the complaint is frivolous or not, by

25   drafting his complaint so that it complies with the Federal Rules of Civil Procedure ("Fed. R. Civ.

26   P.").  The Federal Rules of Civil Procedure are available online at www.uscourts.gov/rules-

27   policies/current-rules-practice-procedure/federal-rules-civil-procedure.  Under the Federal Rules

28   of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for

federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought.  Fed. R. Civ. P. 8(a). Plaintiff's claims must be set forth simply, concisely and directly.  Fed. R. Civ. P. 8(d)(1).  Forms are available to help pro se plaintiffs organize their complaint in the proper way.  They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989).  In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor.  See Neitzke, 490 U.S. at 327; Erickson v. Pardus, 551 U.S. 89, 94 (2007); Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011); Hebbe v. Pliler, 627 F.3d 338, 340 (9th Cir. 2010).  However, the court need not accept as true legal conclusions cast in the form of factual allegations, or allegations that contradict matters properly subject to judicial notice.  See Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981); Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir.), as amended, 275 F.3d 1187 (2001).

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972).  Pro se complaints are construed liberally and may only be dismissed if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  Nordstrom v. Ryan, 762 F.3d 903, 908 (9th Cir. 2014).  A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment.  See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

////

////

A. <u>The Complaint</u>

Plaintiff brings his complaint against defendants pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346 and § 2671. ECF No. 1 at 1. Although plaintiff lists federal statutes as the basis for his claims, the complaint does not state any factual allegations other than the assertion that plaintiff's claim is timely and administratively proper. <u>Id.</u> at 2. Plaintiff's allegations do not indicate who did what, or how it caused plaintiff harm. Some of plaintiff's causes of action appear to challenge a previous criminal trial. <u>See</u>, <u>e.g.</u>, <u>id.</u> at 3 (under "Third Cause of Action" plaintiff indicates he was wrongfully denied "federally protected due process rights after a immediate request for a speedy trial . . .").

B. <u>Analysis</u>

The complaint is frivolous and cannot be pursued in its current form because it fails to state any cognizable legal claims.

a.  <u>Plaintiff's Allegations Do Not State a Legal Claim</u>

In order to survive IFP screening, the complaint must allege facts showing that defendant engaged in some conduct that the law prohibits (or failed to do something the law requires), and that in doing so, defendant harmed plaintiff. In addition, if a state law alone is at issue, plaintiff must allege facts showing that "diversity" jurisdiction exists, that is, that the amount in controversy exceeds $75,000, and that he is a citizen of a different state than the defendant. <u>See</u> 28 U.S.C. § 1332. It is not clear from the few factual allegations of the complaint whether plaintiff could possibly state a claim that can be heard in this court, and that would entitle him to relief.

1.  <u>Plaintiff Must Specify Defendant Involvement.</u>

Although plaintiff does not explicitly mention 42 U.S.C.A. § 1983, some of plaintiff's allegations seem to indicate he is bringing a civil rights complaint pursuant to that statute. If plaintiff chooses to file a first amended complaint, he is informed that §1983 requires that the complaint demonstrate how the conditions or events about which he complains resulted in a deprivation of his constitutional rights. <u>Rizzo v. Goode</u>, 423 U.S. 362, 370-71 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. <u>Arnold v. Int'l</u>

Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42

U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions

and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations

are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

2.  Plaintiff cannot seek to invalidate a criminal sentence in a civil rights
    action

In his complaint, plaintiff appears to be challenging the validity of his criminal trial and

confinement. ECF No. 1, 6-9. State prisoners may not challenge the fact or duration of their

confinement in a § 1983 action; their sole remedy lies in habeas corpus relief. Wilkinson v.

Dotson, 544 U.S. 74, 78 (2005). Often referred to as the favorable termination rule or the Heck

bar,[1] this limitation applies whenever state prisoners "seek to invalidate the duration of their

confinement—either directly through an injunction compelling speedier release or indirectly

through a judicial determination that necessarily implies the unlawfulness of the State's custody."

Id. at 81 (emphasis in original). Accordingly, "a state prisoner's § 1983 action is barred (absent

prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target

of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if

success in that action would necessarily demonstrate the invalidity of confinement or its

duration." Id. at 81-82. Here, plaintiff's allegations appear to be related to the validity of his

criminal trial. ECF No. 1, 9. A favorable finding on these claims would necessarily imply the

invalidity of trial and they are therefore not cognizable.

3.  Plaintiff cannot sue defendants that are immune from suit.

Plaintiff alleges claims against some defendants that may be immune from suit. Though

plaintiff does not allege the roles of the defendants, it appears they were involved in his past

criminal trials, and it is possible that some of these individuals may be judges or prosecutors. The

Supreme Court has held that judges acting within the course and scope of their judicial duties are

---

[1]  See Heck v. Humphrey, 512 U.S. 477 (1994).

4

absolutely immune from liability for damages under § 1983.  Pierson v. Ray, 386 U.S. 547, 553-54 (1967).  A judge is "subject to liability only when he has acted in the 'clear absence of all jurisdiction.'"  Stump v. Sparkman, 435 U.S. 349, 356-7 (1978) (quoting Bradley v. Fisher, 13 Wall. 335, 351 (1872)).  Plaintiff also sues Elizabeth Ramos, District Attorney.  Prosecutors are absolutely immune from civil suits for damages under § 1983 which challenge activities related to the initiation and presentation of criminal prosecutions.  Imbler v. Pachtman, 424 U.S. 409, 427-28 (1976).  Determining whether a prosecutor's actions are immunized requires a functional analysis.  The classification of the challenged acts, not the motivation underlying them, determines whether absolute immunity applies.  Ashelman v. Pope, 793 F.2d 1072 (9th Cir. 1986) (en banc).  The prosecutor's quasi-judicial functions, rather than administrative or investigative functions, are absolutely immune.  Thus, even charges of malicious prosecution, falsification of evidence, coercion of perjured testimony and concealment of exculpatory evidence will be dismissed on grounds of prosecutorial immunity.  See Stevens v. Rifkin, 608 F.Supp. 710, 728 (N.D. Cal. 1984).  Plaintiff cannot bring suit against immune defendants.

C.  Amending the Complaint

The amended complaint, in addition to alleging facts establishing the existence of federal jurisdiction, must contain a short and plain statement of Plaintiff's claim.  The allegations of the complaint must be set forth in  sequentially numbered paragraphs, with each paragraph number being one greater than the one before, each paragraph having its own number, and no paragraph number being repeated anywhere in the complaint.  Each paragraph should be limited "to a single set of circumstances" where possible.  Fed. R. Civ. P. 10(b).  As noted above, forms are available to help plaintiffs organize their complaint in the proper way.  They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

Plaintiff must avoid excessive repetition of the same allegations.  Plaintiff must avoid narrative and storytelling.  That is, the complaint should not include every detail of what happened, nor recount the details of conversations (unless necessary to establish the claim), nor give a running account of plaintiff's hopes and thoughts.  Rather, the amended complaint should

contain only those facts needed to show how the defendant legally wronged the Plaintiff.

The amended complaint must not force the court and the defendants to guess at what is being alleged against whom. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants"). The amended complaint must not require the court to spend its time "preparing the 'short and plain statement' which Rule 8 obligated plaintiffs to submit." Id. at 1180. The amended complaint must not require the court and defendants to prepare lengthy outlines "to determine who is being sued for what." Id. at 1179.

Also, the amended complaint must not refer to a prior pleading in order to make Plaintiff's amended complaint complete. An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 220. This is because, as a general rule, an amended complaint supersedes the original complaint. See Pacific Bell Telephone Co. v. Linkline Communications, Inc., 555 U.S. 438, 456 n.4 (2009) ("[n]ormally, an amended complaint supersedes the original complaint") (citing 6 C. Wright & A. Miller, Federal Practice & Procedure § 1476, pp. 556-57 (2d ed. 1990)). Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

## II. PRO SE PLAINTIFF'S SUMMARY

Your complaint is being dismissed because it complaint does not provide a clear statement of what happened to you, who did it, and how you was harmed. You may file an amended complaint that follows the instructions above, within 30 days of this order.

## III. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is GRANTED.

2. Plaintiff's complaint (ECF No. 1) is DISMISSED because the complaint is frivolous.

////

////

3. Plaintiff shall have 30 days from the date of this order to file an amended complaint that complies with the instructions given above. If plaintiff fails to timely comply with this order, the undersigned may recommend that this action be dismissed.

DATED: June 13, 2017

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE